# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Eggleton v. Dinsmore & Kyle et als.

May 3d, 1888.

Absent, Richardson, J.

Judicial sales—*Special commissioner—Purchaser.*—Commissioner sold land under decree, and received the price without giving bond, or accounting for it. Purchaser had to pay it over, and the land was re-sold for that purpose. Commissioner gave a trust deed to indemnify purchaser. In creditor's suit trust subject was sold:

Held:

     Purchaser was entitled only to the amount he paid, with interest and costs of the re-sale.

Appeal from decree of circuit court of Henry county, rendered July 22d, 1885, in the cause wherein the appellees, Dinsmore & Kyle, were complainants, and George W. Booker and others were defendants. Joseph H. Eggleton, one of the defendants, being aggrieved by the decree, obtained an appeal and *supersedeas* from one of the judges of this court. Opinion states the case.

*Staples & Mullins*, for the appellant.

*Whittle & Anderson, Green & Miller*, and *Guy & Gilliam*, for the appellees.

Lacy, J., delivered the opinion of the court.

This case is as follows: On the 2d day of November, 1872, the appellant bought at judicial sale from one George W. Booker, as special commissioner of the circuit court of Henry county, a parcel of land for the price of $535, and paid to Booker all the purchase money, and received from him a deed. When it transpired afterwards that Booker had misapplied this money, and had collected the same without authority, having failed to give the bond required by the decree of the court under which he acted, steps were taken to collect the money from Eggleton a second time, and a rule was issued against him to show cause why his land should not be resold to pay the purchase money a second time. Eggleton procured from Booker a trust deed to Graveley, trustee, on Booker's land, to secure and save him harmless from any liability or risk in the premises, on the 16th of October, 1878.

The court proceeded against Eggleton, until there was a resale of the land for $283 41, July 14, 1879, and a personal decree against Eggleton and his surety, Allen G. Price, for $439 06, with interest thereon from July 14, 1879, until paid; these two sums making together the whole amount of the purchase money of the land bought by Eggleton of Booker. The lands of Booker being sold in a creditors' suit, where the claim of Eggleton under this deed was allowed to the extent of the amount of the original purchase money paid by him to Booker, commissioner, with interest thereon, and the costs attending the rule against Eggleton to secure a resale of the land purchased by him from Booker, commissioner, to which extent the court held a lien to exist under the deed from Booker for the benefit of Eggleton subject to an admitted credit. But Eggleton contends that he is not only entitled to this indemnity, but that, from the proceeds of the Booker land, the sum decreed against him personally, at the resale of the land, of $439 06, part of this debt of his should be paid to the court's receiver, in addition to the full amount of the purchase money refunded to him by the decree. The obvious effect of this

would be to pay him his purchase money twice.   He was defrauded to the extent that he paid his money to a pretended authority to receive it; but by Booker's conveyance of his homestead, he has been indemnified to the full extent of his loss. His money has been made good to him.   He is not out of pocket a dollar, and he has been saved from loss.   This is the true measure of the redress he is entitled to demand of Booker, and he has no valid claim for any other or further payment from Booker's estate.   And the circuit court having so decided, we perceive no error in the decree; and the same must be affirmed.

DECREE AFFIRMED.